IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PAMELA DELK                                                                  PLAINTIFF

V.                                                               NO: 1:23CV52-GHD-DAS

WAL-MART INC., WAL-MART
STORES EAST, L.P., WAL-MART
ASSOCIATES, INC., WAL-MART
STORES, INC., JOHN DOE ENTITIES 1-
5, AND JOHN DOE PERSONS 1-5                          DEFENDANTS

## MEMORANDUM OPINION DISMISSING MOVING DEFENDANTS

Presently before the Court is a Motion to Dismiss [4] filed by Defendants Walmart, Inc., Walmart Associates, Inc., and Walmart Stores, Inc. (collectively "moving defendants"). Plaintiff Delk has responded in opposition to this motion and upon due consideration of the motion and applicable authority, the Court hereby grants Moving Defendants' Motion to Dismiss [4].

Plaintiff has alleged that on or about May 30, 2020, around 7:30 a.m., she was shopping at Wal-Mart in Columbus, Mississippi. Plaintiff was utilizing a handicap cart provided by Wal-Mart due to her existing medical issues. While Plaintiff was shopping, a Wal-Mart employee struck Plaintiff with a cart full of stock, knocking Plaintiff forward and injuring her. Plaintiff's complaint list three counts: negligence – premises liability; negligent hiring, supervising, and training; and negligence – respondeat superior.

Moving Defendants assert that they have no responsibility or liability for the allegations of the Plaintiff, as they have no control over the premises where the alleged incident and damages took place. Moving Defendants assert that the entity operating the subject store is Wal-Mart Stores East, L.P., who is a named defendant. The Moving Defendants further assert that the Court lacks subject matter and personal jurisdiction as to them; that there exists incomplete and inaccurate

1

service of process, along with Plaintiff's failure to properly serve legal process; and that the complaint fails to state a claim upon which relief may be granted.

Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *King v. U.S. Dept. Of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

The Court assumes from Moving Defendants' motion that the claim of lacking subject matter jurisdiction pertains to whether diversity jurisdiction exists. For subject matter jurisdiction based on diversity of citizenship to exist, diversity must be complete, which requires that all persons on one side of the controversy be citizens of different states than all persons on the other side. 28 U.S.C.A. § 1332. The complaint alleges that the Plaintiff is a citizen of Mississippi and that the Moving Defendants are corporate citizens of Delaware with their principal places of business in Arkansas. Further, Plaintiff has alleged that the matter in controversy exceeds $75,000 as required. *Id.* There is no contradictory evidence to show that subject matter jurisdiction does not exist as to the Moving Defendants.

A personal jurisdiction inquiry requires a two-part analysis. *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 496 (5th Cir. 2012). First, the court must ask whether the defendant is amenable to suit under the relevant state's long-arm statute. *Id.* at 496–97. If the long-arm statute is satisfied, the court must ask "whether personal jurisdiction over th[e] dispute comports with the Due Process Clause of the Fourteenth Amendment." *Id.* at 497.

Personal jurisdiction may be general or specific under the Due Process Clause. *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig*, 888 F.3d 753, 778 (5th Cir. 2018). General jurisdiction requires "continuous and systematic forum contacts and allows for jurisdiction over all claims against the defendant, no matter their connection to the forum." *Id.* (internal quotation marks omitted). Specific jurisdiction, in contrast, requires only that the defendant have "purposefully direct[ed] his activities toward the state" and that the plaintiff's claim "arises out of or is related to the defendant's forum contacts." *Id.* (internal quotation marks and alterations omitted).

When ruling on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a prima facie case that personal jurisdiction is proper, as proof by a preponderance of the evidence is not required. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir.1989). To determine whether a plaintiff has made a prima facie case, the court "must accept the plaintiff's uncontroverted allegations, and resolve in his favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Id.* (alteration omitted). "[A]llegations in a ... brief or legal memorandum are insufficient, even under the relatively relaxed prima facie standard, to establish jurisdictional facts." *Barrett v. Lombardi*, 239 F.3d 23, 27 (1st Cir. 2001).

The Moving Defendants contend that:

3

> Defendants Walmart, Inc., Walmart Associates, Inc., and Walmart Stores, Inc. have no responsibility or liability for the allegations of Plaintiff in her Complaint. Defendants Walmart, Inc., Walmart Associates, Inc., and Walmart Stores, Inc. have no control over the premises where the incident with Plaintiff took place and which allegedly resulted in damages to Plaintiff. In the interest of initial disclosure, the legal entity which operated the subject department store where Plaintiff alleged she was injured is Wal-Mart Stores East, L.P., who is already a Defendant.

[Doc. No. 4].

Although not specific to each defendant, the Plaintiff's argument as to why personal jurisdiction exists is as follows:

> Plaintiff has alleged that she was shopping at Moving Defendants' store in Columbus, Mississippi, when one of their employees injured Plaintiff by striking her with a cart full of stock. Complaint, Dkt. No. 1 at ¶ 7 & 10. These allegations are further supported by the Moving Defendants having a registered agent in Mississippi. Id. at 3, 4, & 6 and Exhibit A & B. Without Moving Defendants controverting these allegations or exhibits, their motion must fail.

[Doc No. 18].

Compliance with a state's long arm statute does not on its own satisfy the due process clause. *See Constenla, S.A.*, 669 F.3d at 497–501 (finding Mississippi long-arm statute satisfied but no jurisdiction absent general or specific jurisdiction). Accordingly, compliance with Mississippi's long-arm statute does not show the requisite general or specific jurisdiction.

"As a general rule, ... the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004). However, "[t]his principle ... is not inviolate. Rather, the presumption of institutional independence of related corporate entities may be rebutted by ... showing ... something beyond the mere existence of a corporate relationship between a resident and nonresident entity to warrant the exercise of jurisdiction over the nonresident." *Id.* (quotation

4

marks omitted). In determining whether to disregard the corporate form for the purpose of establishing personal jurisdiction, a court should consider five non-exhaustive factors:

> the amount of stock owned by the parent of the subsidiary; (2) whether the entities have separate headquarters, directors, and officers; (3) whether corporate formalities are observed; (4) whether the entities maintain separate accounting systems; and (5) whether the parent exercises complete control over the subsidiary's general policies or daily activities.

*Id.* In applying these factors, Fifth Circuit case law generally "demand[s] proof of control by one corporation over the internal business operations and affairs of another corporation to make the other its agent or alter ego, and hence fuse the two together for jurisdictional purposes." *Id.* (alterations and quotation marks omitted).

The Plaintiff makes no argument as to how the Moving Defendants are subject to personal jurisdiction, instead each allegation lumps every defendant together, including Wal-Mart Stores East, L.P., who admits to being the entity which operated the subject Wal-Mart store, and therefore the proper defendant in this action. Plaintiff also bases personal jurisdiction of the Moving Defendants on the existence of a registered agent in Mississippi, which is not sufficient, standing alone, to establish jurisdiction. *Griffin v. Ford Motor Co.*, No. 17-CA-442, 2017 WL 3841890, at *2 n.1 (W.D. Tex. Sep. 1, 2017) (collecting cases). Conclusory and threadbare allegations that the Moving Defendants are subject to personal jurisdiction are not sufficient to establish the prima facie inquiry of personal jurisdiction. Further, a closer look at the complaint shows that each allegation is directed specifically to this Wal-Mart store and its operations, not the Wal-Mart corporate entity itself, and as established and uncontroverted by the Moving Defendants, Wal-Mart East L.P., is the Defendant entity responsible for operations of the store where each of Plaintiff's allegations arise.

5

The Court receives guidance from *Edwards* in concluding that a prima facie case of personal jurisdiction has not been shown as to the Moving Defendants. *Edwards v. Wal-Mart Stores, Inc.*, No. 4:18-CV-138-DMB-RP, 2019 WL 1061670 (N.D. Miss. Mar. 6, 2019). Even when considering that Wal-Mart Stores East LP is a subsidiary of one or more of the Moving Defendants, a subsidiary relationship alone does not show the level of control required for imputation of contacts *Freudensprung*, 379 F.3d at 346. Further, shared addresses and owners do not establish a prima facie case of personal jurisdiction alone. *MMI, Inc. v. Baja, Inc.*, 743 F.Supp.2d 1101, 1111–12 (D. Ariz. 2010). Plaintiff has failed to make a prima facie showing of personal jurisdiction as to the Moving Defendants, and the Moving Defendants' motion to dismiss [4] is granted. Having reached this conclusion, the Court declines to consider the Moving Defendants' remaining arguments for dismissal.

## Conclusion

For the reasons stated above, the Court finds that Defendants Walmart, Inc., Walmart Associates, Inc., and Walmart Stores, Inc's motion to dismiss [4] is GRANTED.

An order in accordance with this opinion shall issue this day.

This, the 16th day of October, 2023.

SENIOR U.S. DISTRICT JUDGE